CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 12 2017

JULIA C. DUDLEY, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:06cr00021 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TIMOTHY NEAL WRIGHT, | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Timothy Neal Wright, a federal inmate, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He challenges his 180-month sentence following a guilty plea to being a felon in possession of a firearm, in which I determined that he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"). Wright asserts that he no longer qualifies as an armed career criminal because his predicate Virginia statutory burglary convictions no longer support such a designation. The government filed a motion to dismiss, and Wright responded, making this matter ripe for disposition. I conclude that Wright's petition is untimely, and I grant the government's motion to dismiss.

I.

On May 11, 2006, a federal grand jury returned an Indictment against Wright charging him with three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Wright pleaded guilty to one count, pursuant to a written Plea Agreement, in exchange for the dismissal of the remaining two counts. (Plea Agree. at 1, 2, ECF No. 31.) The Plea Agreement stated, in accordance with the ACCA, that "if I am determined to be an Armed Career Criminal, pursuant to Title 18, United States code, section 924(e), it will change my range of incarceration from a 0 – 10 years, to a mandatory sentence of fifteen years, and maximum of life in prison." (Id.) In addition, Wright reserved the right to challenge and appeal any armed career criminal designation that the I might find. (Id. at 4.)

A Presentence Investigation Report ("PSR") was created prior to sentencing. It recommended that Wright be designated an armed career criminal based on four prior Virginia statutory burglary convictions. (PSR ¶ 22, 42, 44, ECF No. 41.) The burglaries occurred on two separate dates, with one burglary occurring on August 3-4, 1992 and three burglaries occurring on October 1, 1992. (Id. at ¶ 42, 44.) Because of the armed career criminal designation, the PSR recommended a total offense level of 30 and a criminal history category of VI, resulting in an advisory guideline range of 168 to 210 months' incarceration. (Id. ¶ 81.) However, pursuant to the ACCA, he faced a statutory mandatory minimum sentence of fifteen years, which increased the bottom of his advisory guideline range to 180 to 210 months. (Id. at ¶ 82.) Without the armed career criminal enhancement, Wright would have had a total offense level of 19, and a criminal history score of VI, resulting in a sentencing range of 63 to 78 months.

At the sentencing hearing, defense counsel argued that Wright should not face an enhanced sentence under the ACCA because the Virginia burglaries that he committed on the same day "happened on the same occasion" and were part of the "same series of conduct." (Sent. Hr'g Tr. at 3, 5, ECF No. 49.) The government responded that the burglaries were all committed on different occasions, for ACCA purposes, because different businesses were burgled and involved different victims. (Id. at 5-6.) I agreed with the government, based on Fourth Circuit case law, and concluded that each of Wright's four convictions for breaking and entering counted as a separate burglary under the ACCA. (Id. at 10.) I sentenced Wright to 180 months' imprisonment. Wright appealed, arguing that application of the ACCA to the facts of his case violated the Eight Amendment protections against cruel and unusual punishment and that I erred by failing to determine whether his breaking and entering convictions qualified as

2

burglaries for ACCA purposes. United States v. Wright, 254 Fed. App'x 974, 975 (4th Cir. 2007). The Fourth Circuit rejected Wright's claims and affirmed the judgment. Id. at 976.

In his § 2255 motion, Wright alleges that following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his Virginia statutory burglary convictions can no longer support his enhanced sentence under the ACCA. In accordance with Standing Order 2015-5, I appointed the Federal Public Defender's Office to represent Wright and it has provided supplemental briefing.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Wright bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III.

A § 2255 petition must adhere to strict statute of limitations requirements before any of the substantive issues may be addressed. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Wright's judgment of conviction became final when the Supreme Court denied his petition for a writ of certiorari on March 31, 2008. He filed his current § 2255 motion on January 19, 2016, well over the one-year timeliness requirement under § 2255(f)(1). Nonetheless, Wright argues that his petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in Johnson, which was issued on June 26, 2015. The Supreme Court did announce a new rule of constitutional law in Johnson that applies retroactively. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, Johnson does not affect Wright's claims, and so his motion must be dismissed as untimely.

The Supreme Court, in Johnson, considered the constitutionality of a specific provision of the ACCA. Federal law prohibits a convicted felon from possessing firearms. 18 U.S.C. § 922(g). A defendant who violates this law is subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when a defendant has three or more prior convictions for a "violent felony," as Wright did, the ACCA increases his punishment to a minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down as unconstitutionally vague the "residual clause" in the violent felony definition that "involves conduct that presents a

4

serious potential risk of physical injury to another." 135 S. Ct. at 2563. However, the Johnson opinion did not affect the viability of the other clauses of the "violent felony" definition in the ACCA, including the "enumerated clause" that lists "burglary," among other crimes. Id. ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

When I sentenced Wright, I overruled defense counsel's objection to the Virginia statutory burglary convictions and determined that they qualified as separate burglaries under the enumerated crimes clause of the ACCA. (Sent. Hr'g Tr. at 11, ECF No. 49.) This was appropriate under Fourth Circuit precedent. See United States v. Letterlough, 63 F.3d 332, 337 (4th Cir. 1995) (noting that courts should consider various factors to determine if crimes occurred on separate occasion, including whether the crimes occurred in different locations and affected different victims); United States v. Hobbs, 136 F.3d 384, 390 (concluding that three burglaries that the defendant committed within the space of an hour at different locations constituted separate crimes for ACCA purposes). Because I relied on the enumerated crimes clause, and not the residual clause, in concluding that Wright qualified as an armed career criminal, Johnson is not implicated. As such, he cannot rely on 28 U.S.C. § 2255(f)(3) to make his otherwise time-barred motion, timely. In addition, recent Supreme Court decisions such as Mathis v. United States, 136 S. Ct. 2243 (2016) and Descamps v. United States, 133 S. Ct. 2276 (2013), which do provide guidance for determining whether underlying convictions can constitute predicate offenses under the enumerated crimes clause of the ACCA, have not been made retroactively applicable for timeliness purposes on collateral review. See Blackwell v. United States, No. 4:10cr12, 2016 WL 5849384 at *4, 2016 U.S. Dist. LEXIS 138839, *11 (W.D. Va. Oct. 6, 2016). Accordingly, "[p]etitioner's predicate offenses remain 'crimes of

5

violence' in the wake of Johnson," and so his petition is time barred. Id.; see also United States v. Deel, No. 2:03cr10017, 2016 WL 6471249 at *4, 2016 U.S. Dist. LEXIS 150927, *10 (W.D. Va. Nov. 1, 2016) (concluding that a § 2255 petition, in which the defendant challenged his armed career criminal status by asserting that his Virginia burglary convictions no longer qualified as predicate offenses after Johnson, was time barred because the court had relied on the enumerated crimes clause and so "Johnson d[id] not apply").

IV.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence as untimely. Based upon my finding that Wright has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 12th day of January, 2017.

Jackson L. Kiser
Senior United States District Judge